**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10494
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ADAN E. SMITH,
a.k.a. Adan Smith,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00305-TPB-SPF-1
_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Adan Smith challenges his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He

2                    Opinion of the Court                25-10494

asserts that § 922(g)(1) violates the Commerce Clause, both facially and as applied to him.  But as Smith concedes, our precedent forecloses his argument.  The statute is facially constitutional because it contains an express jurisdictional requirement.  *United States v. Edwards*, 142 F.4th 1270, 1285 (11th Cir. 2025).  And it's constitutional as applied to Smith because his firearms and ammunition traveled in interstate or foreign commerce at some point, which establishes the requisite "minimal nexus" between interstate commerce and his possession.  *See id.*

    **AFFIRMED.**